**EFiled: Jun 23 2021 11:08AM EDT**
**Transaction ID 66709238**
**Case No. N20M-03-066 JRJ**

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMIR FATIR, aka STERLING HOBBS | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | C.A. No. N20M-03-066 JRJ |
| LORETTA EDWARDS and THE JAMES T. VAUGHN CORRECTIONAL CENTER | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Date Submitted:  March 23, 2021
Date Decided:  June 23, 2021

Upon consideration of Petitioner Amir Fatir ("Fatir")'s Petition for a Writ of Mandamus (the "Petition"), Defendants Loretta Edwards ("Edwards") and The James T. Vaughn Correctional Center ("JTVCC"), (collectively, the "Defendants'") Motion to Dismiss, Fatir's Response to Defendants' Motion to Dismiss, and Defendants' Reply in Support of the Motion to Dismiss thereto, **IT APPEARS THAT**:

1.     On March 13, 2020, Fatir petitioned for a Writ of Mandamus seeking to have this Court order Defendants to fulfill their responsibilities as part of the

prisoner furlough recommendation process.[1] According to Fatir, pursuant to the Department of Correction's ("DOC") Bureau of Prison Policy and Inmate Reference Manual, the prisoner furlough process begins with a recommendation by a Multidisciplinary Team ("MDT") member following an evaluation and interview with the prisoner.[2] The MDT member may make a recommendation that a prisoner is fit for participation in the furlough program to the Institutional Based Classification Committee ("IBCC").[3] The IBCC then reviews the recommendation and advises the Central Institutional Classification Board ("CICB") and the Institutional Release Classification Board ("IRCB") as to the recommendation.[4]

2.      Fatir claims he sought approval for a furlough from two MDT members during his yearly classification committee meeting in September 2019 and those MDT members recommended to the IBCC that Fatir receive a furlough.[5] Fatir further claims that one month later he was informed that Edwards, a member of the IBCC, received the MDT members' recommendation but chose not to forward the recommendation to the CIBC or IRCB, or otherwise take any action.[6]

---

[1] Complaint ("Compl.") (Trans. ID 64827171)
[2] *Id.* at 2.
[3] *Id.* at 3.
[4] *Id.*
[5] *Id.* at 2; *see also* Petitioner's Response to Defendants' Motion to Dismiss ("Pet.'s Rep.") at 1 (Trans. ID 66306621).
[6] Pet.'s Rep. at 1-2.

3.      Fatir argues that pursuant to DOC policy Edwards must record the MDT's recommendation that Fatir be considered for a furlough and forward the recommendation to the CIBC and/or IRCB for consideration.[7] Fatir alludes to the possibility that his furlough recommendation was denied due to his status as a class A felon.[8] Fatir argues that although he is a class A felon, the current version of 11 *Del. C.* § 6538 prohibiting class A felons from receiving furloughs does not apply to him because he was arrested, convicted and sentenced before the current version was enacted.[9]

4.      Defendants move to dismiss the Petition, arguing that Fatir is statutorily ineligible to receive a furlough because he was convicted of a class A felony, and therefore his Petition is without merit.[10] In the alternative, Defendants argue Fatir cannot demonstrate he has a constitutional or legal right to receive a furlough or a particular classification within the DOC, and thus he cannot establish the elements necessary for mandamus relief.[11]

---

[7] *Id.* at 4.

[8] Compl. at 5. In 1978, 11 *Del. C.* § 6538 was amended with the addition of a provision prohibiting DOC from granting furloughs to an individual convicted of a class A felony. *See* 11 *Del. C.* § 6538(e).

[9] Compl. at 5.

[10] Defendants' Motion to Dismiss ("Mot. to Dis.") at 2 (Trans. ID 66125203). Pursuant to 11 *Del. C.* § 6538(e), "no person serving a sentence imposed for a class A felony shall be permitted to participate in any furlough or furlough program under this section. 11 *Del. C.* § 6538(e).

[11] Defendants' Reply in Support of Motion to Dismiss ("Defs.' Rep.") at 4 (Trans. ID 66446600).

5.     In his response to Defendants' Motion to Dismiss, Fatir claims that with respect to the applicability of 11 *Del. C.* § 6538, prisoners must be considered for furloughs according to the particular version of the statute in effect at the time the prisoner's offense was committed, not at the time of sentencing.[12]  Fatir also claims that the JTVCC staff failed to adhere to the furlough process and procedures as set forth in the Inmate Reference Manual[13] and that he has a liberty interest in being considered for a furlough.[14]

6.     In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court shall accept all well-pleaded allegations as true and make all reasonable inferences in favor of the non-moving party.[15]  In deciding a motion to dismiss a petition for a writ of mandamus, the Court "must consider the standards a party must meet in obtaining the writ."[16]

---

[12] *Id.* at 2.

[13] *Id.* at 8.  Fatir claims that Edwards unilaterally blocked the MTD's furlough recommendation for Fatir in violation of the Bureau of Prison Policy which requires that the IBCC be comprised of at least 3 individual staff members. *Id.*

[14] *Id.* at 9.  Fatir expressly states that his Petition does not seek a particular classification or approval for a furlough, but merely to be afforded the process of a through and complete consideration for furlough according to DOC policy. *Id.*

[15] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998); *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978); *see also Allen v. Coupe*, 2016 WL 676041, at *2 (Del. Super. Feb. 18, 2016) ("Delaware courts have consistently followed the standards of Superior Court Civil Rule 12(b)(6) when considering motions to dismiss writ of mandamus petitions.") (internal citations omitted).

[16] *Shah v. Coupe*, 2014 WL 5712617, at * 1 (Del. Super. Nov. 3, 2014).

7. It is well-settled Delaware law that the issuance of a writ of mandamus is not a right but is a matter of judicial discretion.[17] In order for the writ to issue, the petitioner must demonstrate that: (1) he has a clear right to the performance of the duty; (2) no other adequate remedy is available; and (3) the agency has arbitrarily failed or refused to perform its duty.[18]

8. With respect to internal DOC policy, it is well established that the administration of state prisons falls under the auspices of the executive branch.[19]

9. Fatir was convicted and sentenced for First Degree Murder, a class A felony, in 1976 and was re-sentenced to life without parole in 1980, following the Delaware Supreme Court's decision in *State v. Spence*.[20] When Fatir was first sentenced in 1976, 11 *Del. C.* § 6538 did not contain a provision barring class A felons from receiving furloughs. In 1980, when Fatir was resentenced, the statute had been amended to include said prohibition. Fatir received the MDT furlough recommendation in September 2019.

---

[17] *Washington v. Dep't of Correction*, 2006 WL 1579773, at *2 (Del. Super. May 31, 2006*). See also Shah*, 2014 WL 5712617, at *1.

[18] *Morton v. Jennings*, 2021 WL 2355232, at *2 (Del. Super. June 8, 2021) (internal citations omitted).

[19] *Desmond v. Phelps*, 2011 WL 7144241, at *2 (Del. Super. Nov. 4, 2011).

[20] *State v. Spence*, 367 A.2d 983 (Del. 1976) (overturning Delaware's Mandatory Death Penalty statute).

5

10. Fatir provides no support for the claim that the version of a statute in effect at the time an offense is committed must apply to his furlough request. In fact, this Court has previously held contrary to Fatir's assertion. In *State v. Serfuddin El*, this Court considered a similar petition for writ of mandamus from a prisoner who was convicted of second-degree murder as it was defined before the revisions to the Delaware Criminal Code came into effect on July 1, 1973.[21] Because the offense of second-degree murder was defined as a class A felony after the prisoner's conviction, he argued that the DOC could not deny him work release or furloughs.[22] The Court found that the differences between the two versions of the offense were "of no practical consequence" and therefore the prisoner's conviction would be treated as a class A felony, barring him from receiving furloughs.[23] In addition, the Court in *Serfuddin El* reiterated that the Delaware General Assembly's purpose in amending 11 *Del. C.* § 6538 was to prohibit the DOC from granting furloughs to class A felons.[24]

11. Considering the Delaware General Assembly's intent in amending § 6538, the Court reaches the same conclusion here. As of 1978, when § 6538 was amended, the DOC has been statutorily prohibited from granting furloughs to

---

[21] *State v. Serfuddin El*, 2009 WL 74128, at *2 (Del. Super. Jan. 7, 2009).
[22] *Id.*
[23] *Id.* at 3.
[24] *Id.*

individuals convicted of a class A felony.[25] When he began the furlough recommendation process in 2019, the DOC was statutorily prohibited from granting Fatir a furlough.

12. To the extent Fatir claims an *ex post facto* violation, the Court finds that denial of furlough according to 11 *Del. C.* § 6538(e) does not violate the *ex post facto* clause.[26] "A law violates the *ex post facto* prohibition when it changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed."[27] In *Distefano v. Watson*, two prisoners challenged a 1986 amendment to 11 *Del. C.* § 6537, which barred individuals convicted of class A felonies and class B felony sex offenses from participating in any program or engaging in any visitation beyond the confines of a secured penal institution within the first 10 years of said sentence.[28] The prisoners claimed the new version of 11 *Del. C.* § 6537 could not operate retroactively, and thus could not apply to them because when they were convicted and sentenced, prior to the amendment's enactment, they would have been eligible to participate in programs and visitations

---

[25] *See Henson and Taylor v. Sullivan*, 1985 WL 189322, at \*1 (Del. Super. Dec. 4, 1985).
[26] *Distefano v. Watson*, 566 A.2d 1, 5 (Del. 1989). To the extent Fatir alleges his constitutional rights were violated when Edwards unilaterally denied his recommendation, rather than putting the recommendation before a three-person IBCC pursuant to the Bureau of Prison Policy, the Court finds no merit in this argument. Fatir is statutorily barred from receiving a furlough, and therefore the MDT should not have recommended him for a furlough and under no circumstance could a full IBCC have chosen to forward the recommendation to the CIBC or IRCB.
[27] *Id.* (internal citations omitted).
[28] *Id.* at 2.

under the statute.[29]  The Delaware Supreme Court, relying in part on a decision by the United States District Court of Delaware, held that the statute at issue is "an administrative law which regulates the Department of Correction's internal affairs, and is not a law annexed to the crime."[30]  For this reason, applying the then current version of 11 *Del. C.* § 6537 to the prisoners did not violate the constitutional prohibition against *ex post facto* laws.[31]

13.    The same reasoning applies here. 11 *Del. C.* § 6538 prescribes the DOC's authority to permit prisoner participation in furloughs; § 6537 does the same but applies to prisoner participation in external programs and visitations. There is no discernible, functional difference between § 6537 and § 6538 for purposes of an *ex post facto* analysis; both sections deal with the DOC's internal affairs and prisoner classifications and neither involve elements of punishment attached to the prisoner's initial conviction.[32]  Therefore, applying the current version of § 6538 to Fatir's furlough request does not violate the constitutional prohibition on *ex post facto* laws.[33]

---

[29] *Id.* at 3.
[30] *Id.* at 6 (citing *Marvel v. Ryan*, 1987 WL 61190 (D.Del. Aug. 13, 1987)).
[31] *Id.*
[32] *Distefano*, 566 A.2d at 5 (internal citations omitted).
[33] Fatir unsuccessfully brought an action under 42 U.S.C. § 1983 in the United States District Court of Delaware for alleged *ex post facto* clause violations as to the denial of furloughs to class A felons.[33]  There, the Court found the claim failed because it "do[es] not fall under the provisions of the *ex post facto*…clause."

14.    The Court has no authority to compel an act which the Delaware Legislature has expressly prohibited.  The purpose of 11 *Del. C.* § 6538(e) is to limit the DOC's authority as it relates to issuing furloughs to individuals convicted of a class A felony.  As an individual convicted of a class A felony, Fatir is barred from receiving a furlough under any circumstance.  For this reason, Edwards' decision not to pass the recommendation through the chain of command at DOC was warranted and Defendants' Motion to Dismiss must be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

*Jan R. Jurden*

_____

Jan R. Jurden, President Judge

Original to Prothonotary
cc:    Amir Fatir (SBI #137010)
        Kenneth L. Wan, DAG